# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ANDREW MORGAN**<br>40 Water Street<br>Jersey Shore, PA 17740<br><br>*Plaintiff,*<br><br>vs.<br><br>**ALLISON CRANE & RIGGING LLC d/b/a ALLISON CRANE & RIGGING**<br>2817 Lycoming Creek Road<br>Williamsport, PA 17701<br><br>*Defendant* | NO. _____<br><br>CIVIL ACTION<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff, Andrew Morgan, by and through undersigned counsel, hereby avers as follows:

## INTRODUCTION

1. Plaintiff has initiated this action to redress violations by Defendant of, *inter alia*, the Americans with Disabilities Act ("ADA" - 42 U.S.C. 12101 et seq.) and the Pennsylvania Human Relations Act ("PHRA").[1] Plaintiff was unlawfully

---

[1] Plaintiff's claims under the PHRA are referenced herein for notice purposes. He is required to wait 1 full year before initiating a lawsuit from date of dual-filing with the EEOC. Plaintiff must however file his lawsuit in advance of same

terminated by Defendant and has suffered damages more fully described/sought herein.

## JURISDICTION AND VENUE

2. This Court, in accordance with 28 U.S.C. § 1331, has jurisdiction over Plaintiff's claims because this civil action arises under laws of the United States.

3. This Court may properly maintain personal jurisdiction over each Defendant because each Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over each Defendant to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the Supreme Court of the United States in International Shoe Co. v. Washington, 326 U.S. 310 (1945) and its progeny.

4. Pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2), venue is properly laid in this district because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

5. Plaintiff exhausted federal administrative remedies for his claims under the ADA by first dual-filing a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") and the Pennsylvania Human Relations

---

because of the date of issuance of her federal right-to-sue-letter. Plaintiff's PHRA claims however will virtually mirror his federal claims.

Commission ("PHRC") and receiving a right to sue letter mailed on or about March 1, 2021.

6. Plaintiff will seek leave to amend this pleading to incorporate claims under the PHRA at the end of the statutory one year waiting period required by Pennsylvania law. *See* 43 P.S. § 962(c).

## **PARTIES**

7. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

8. Plaintiff is an adult individual, with an address as set forth in the caption.

9. Defendant Allison Crane & Rigging LLC d/b/a Allison Crane and Rigging is a Delaware limited liability corporation with principal place of business at the above-captioned address and a registered agent for service of process at Allison Crane & Rigging LLC c/o Capitol Services, Inc. 1676 S. State Street, Suite B Dover, Delaware 19901.

10. At all times relevant herein, each Defendant acted by and through its agents, servants and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for each Defendant.

## FACTUAL BACKGROUND

11. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

12. Plaintiff is a former employee of Defendant.

13. Plaintiff was hired in or around February 2019 and was employed by Defendant for approximately a year and a half.

14. Plaintiff performed numerous jobs for Defendant including, but not limited to, a Yard Supervisor, a Crane Rigger and/or a Millwright.

15. Plaintiff would perform other tasks and duties as requested by Defendant.

16. At all times relevant hereto, Plaintiff was a hard-working employee who performed his job well for Defendant.

17. Plaintiff was supervised by manager Robert Mondrick and other higher-level management.

18. Plaintiff was unlawfully terminated in or around November 2020.

19. Approximately two ("2") months prior to his unlawful termination, Plaintiff suffered a work-related injury to his back.

20. Plaintiff thereafter worked for approximately a month and a half on light duty as there was an abundant amount of alternative work for him to perform for Defendant.

21. Despite the availability of alternative work, Plaintiff was terminated and told the reason was because he was not cleared for full duty.

22. Plaintiff explained, amongst other things that (a) There was plenty of work within his restrictions and (b) he had a follow up appointment with his medical provider who indicated that might be soon cleared for full-time duty.

23. Plaintiff was nevertheless terminated with zero interactive dialogue or discussion.

24. Defendant could have easily accommodated Plaintiff with a slightly longer light duty assignment and/or a short medical leave.

25. Plaintiff was in fact cleared to return to work without restrictions on or about November 25, 2020 by his treating physician.

26. Defendant's termination of Plaintiff was a blatant act of discrimination, retaliation and an abject failure to accommodate.

### COUNT I
### Violations of the Americans with Disabilities Act "ADA"
### [1] Actual/Perceived/Record of Disability Discrimination; [2] Retaliation; [3] Failure to Accommodate)

50. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

51. Plaintiff was terminated because of [1] his actual and/or perceived disabilities; [2] his record of impairment and/or [3] his requested accommodation(s), which also constitutes unlawful retaliation.

52. Defendant also failed to engage in the interactive process and otherwise failed to accommodate him.

53. These actions as aforesaid constitute violations of the ADA.

54. Plaintiff has suffered damages as set forth more fully herein.

## COUNT II
## Common Law Wrongful Discharge

50. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

51. When Defendant learned that Plaintiff suffered a work related injury, he was informed by management that the same did not qualify as a worker's compensation injury.

52. Defendant further discouraged Plaintiff from filing a worker's compensation claim because of the injury.

53. The Pennsylvania Supreme Court first recognized the common law claim of retaliation for exercising one's rights under the Pennsylvania Workers' Compensation Act in 1998. Shick v. Shirey Lumber, 552 Pa. 590, 716 A.2d 1231 (Pa. 1998).

54. It is unlawful for an employer to retaliate against an employee who files for worker's compensation benefits or one the employer suspects may seek worker's compensation benefits through a formal filing. *See e.g.* Owens v. Lehigh Valley Hosp., 103 A.3d 859, 869 (Pa. Cmwlth. 2014) (finding an employee may sustain a

wrongful discharge claim even if the employee has not yet filed a worker's compensation claim directly with the Workers' Compensation Bureau).

55. Defendant unlawfully retaliated against Plaintiff as it knew, should have known and/or suspected that Plaintiff was going to seek workers' compensation benefits available to him as a matter of law.

56. Plaintiff has suffered damages as set forth more fully herein.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A. Defendant is to promulgate and adhere to a policy prohibiting discrimination in the future against any employee(s);

B. Defendant is to compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendant's illegal actions, including but not limited to back pay, front pay, salary, pay increases, bonuses, insurance, benefits, training, promotions, reinstatement and seniority;

C. Plaintiff is to be awarded liquidated damages and/or punitive damages as appropriate, as permitted by applicable law, in an amount believed by the Court or trier of fact to be appropriate to punish Defendant for its willful, deliberate, malicious and outrageous conduct and to deter Defendant or other employers from engaging in such misconduct in the future;

D.   Plaintiff is to be accorded other equitable and legal relief as the Court deems just, proper and appropriate (including but not limited to damages for emotional distress, pain, suffering and humiliation); and

E.   Plaintiff is to be awarded the costs and expenses of this action and reasonable attorney's fees as provided by applicable federal and state law.

F.   Plaintiff demands trial by jury on all issues so triable.

Respectfully submitted,

**KARPF, KARPF & CERUTTI P.C.**

Ari R. Karpf, Esq.
W. Charles Sipio, Esq.
3331 Street Road, Suite 128
Bensalem, PA 19020
(T) 215-689-0801

*Attorneys for Plaintiff*

Dated:   March 23, 2021