**UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| Andrew Morgan, | : | |
| | : | |
| Plaintiff, | : | |
| | : | No. 4:21-cv-00533-mwb |
| v. | : | |
| | : | |
| Allison Crane & Rigging | : | |
| LLC d/b/a Allison Crane & | : | |
| Rigging | : | |
| | : | |
| Defendant. | : | |

**BRIEF IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

## <u>TABLE OF CONTENTS</u>

**Page**

RELEVANT FACTS ................................................................................................. 2

LEGAL STANDARD ............................................................................................. 6

    A.    Legal Standard for Grant of Summary Judgment. ................................. 6

ARGUMENT .......................................................................................................... 6

    A.    Allison Crane Should be Granted Summary Judgment on Plaintiff's
        Disability Claims Set Forth in Count I and II. ...................................... 7

        1.    Plaintiff was not actually disabled. ........................................... 7

            a.    Plaintiff has not proffered evidence to establish that he was
                disabled. ......................................................................... 7

            b.    The sparse evidence the Plaintiff submits confirms that he
                is not actually disabled as a matter of law. ................................... 9

        2.    Plaintiff was not "regarded as" disabled. ................................. 11

        3.    Plaintiff did not have a record of impairment. .......................... 13

        4.    Plaintiff was not entitled to a reasonable accommodation....................... 13

    B.    Allison Crane Should Be Granted Summary Judgment As to Plaintiff's
        Wrongful Discharge Claim (Count III).................................................. 14

CONCLUSION...................................................................................................... 15

## **TABLE OF AUTHORITIES**

**Page(s)**

**Federal Cases**

*Anderson v. Liberty Lobby, Inc.*,
477 U.S. 242 (1986)............................................................................................6

*Bamat v. Glenn O. Hawbaker*,
No. 18-1898, 2019 WL 3387660 (M.D. Pa. July 26, 2019) ...........................14, 15

*Brearey v. Brennan*,
No. 17-2108, 2019 WL 111037 (E.D. Pa. Jan. 3, 2019).......................................10

*Bush v. Donahoe*,
964 F. Supp. 2d 401 (W.D. Pa. 2013).................................................................10

*Capps v. Modelez Global, LLC*,
847 F.3d 144 (3d Cir. 2017)...............................................................................13

*Celotex Corp. v. Catrett*,
477 U.S. 317 (1986)............................................................................................6

*Dorsey v. Pittsburgh Assocs.*,
90 Fed. App'x 636 (3d Cir. 2004)........................................................................7

*Gaul v. Lucent Tech., Inc.*,
134 F.3d 576 (3d Cir. 1998)................................................................................7

*Gavurnik v. Home Props., LP*,
227 F. Supp. 3d 410 (E.D. Pa. 2017) ..................................................................12

*Geary v. U.S. Steel Corp.*,
319 A.2d 174 (Pa. 1974).....................................................................................14

*Holton v. First Coast Service Options*,
No. 16-15289, 2017 U.S. App. LEXIS 14880 (11th Cir. 2017) .............................9

*Kiniropoulos v. Northampton County Child Welfare Service*,
917 F. Supp. 2d 377 (E.D. Pa. 2013) ..................................................................12

*Kocher v. Municpality of Kingston*,
400 F. Supp. 3d 138 (M.D. Pa. 2019) (Mannion, J.) .........................................9, 11

*Kyrlyo v. Parkhouse Nursing and Rehab Ctr., LP*,
No. 17-4, 2017 WL 1208065 (E.D. Pa. Apr. 3, 2017)......................................10, 11

*Larochelle v. Wilmac Corp.*,
   No. 17-3349, 2019 WL 1769077 (3d Cir. 2019) ....................................................14

*Law v. Garden State Tanning*,
   159 F. Supp. 2d 787 (E.D. Pa. 2001) .......................................................................7

*Lloyd v. Washington & Jefferson College*,
   2008 U.S. App. LEXIS 12435 (3d Cir. 2008) ........................................................13

*Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*,
   475 U.S. 574 (1986) .................................................................................................6

*McDonnell Douglas Corp. v. Green*,
   411 U.S. 792 (1973) .................................................................................................7

*McFarlan v. Ivy Hill SNF, LLC*,
   675 F.3d 266 (3d Cir. 2012) ...........................................................................10, 12

*Neely v. Benchmark Family Services*,
   No. 15-3550, 2016 U.S. App. LEXIS 1391 (6th Cir. 2016) ...............................8, 13

*Parrotta v. PECO Energy Co.*,
   363 F. Supp. 3d 577 (E.D. Pa. 2019) ................................................................8, 10

*Poper v. SCA Americas, Inc.*,
   No. 10-3201, 2012 WL 3288111 (E.D. Pa. Aug. 13, 2012) .............................10, 11

*Quick v. City of Fort Wayne*,
   No. 15-056, 2016 WL 5394457 (N.D. Ind. Sept. 27, 2016) ...................................13

*Razak v. Uber Techs., Inc.*,
   951 F.3d 137 (3d Cir. 2020) .....................................................................................6

*Rice-Smith v. Misericordia Convalescent Home*,
   No. 20-1473, 2022 WL 2231822 (M.D. Pa. June 21, 2022) .....................................8

*Rinehimer v. Cemcolift*,
   292 F.3d 375 (3d Cir. 2002) .................................................................................9, 14

*Sampson v. Methacton Sch. Dist.*,
   88 F. Supp. 3d 422 (E.D. Pa. 2015) .......................................................................10

*Shick v. Shirey*,
   716 A.2d 1231 (Pa. 1998) .......................................................................................14

*Taylor v. Phoenixville Sch. Dist.*,
   184 F.3d 296 (3d Cir. 1999) .....................................................................................7

*Thimons v. PNC Bank,*
    254 Fed. App'x 896 (3d Cir. 2007)...........................................................................7

*Williams v. Borough of W. Chester,*
    891 F.2d 458 (3d Cir. 1989)...................................................................................6

*Worthington v. Chester and Marina, LLC,*
    No. 17-1360, 2018 WL 6737447 (E.D. Pa. Dec. 21, 2018)..................................15

**Federal Statutes**

29 C.F.R. § 1630, *et seq*...............................................................................9, 13, 14

42 U.S.C. § 12102, *et seq*..................................................................................9, 12

42 U.S.C. § 12112(b)(5)(a)....................................................................................14

**Rules**

Fed. R. Civ. P. 56(a) ...............................................................................................6

Plaintiff Andrew Morgan ("Plaintiff") claims that he suffered a back injury while working for Defendant Allison Crane & Rigging, LLC ("Allison Crane") in September 2020. Plaintiff was never diagnosed by a medical doctor with any particular condition nor was he prescribed medications, surgery or spinal injections.  Instead, Plaintiff claims that he saw a chiropractor who helped him with certain exercises and manipulations.  Plaintiff's chiropractor issued four, one-sentence notes indicating that Plaintiff could not bend or lift anything in excess of 15 (and then 30) pounds for finite periods of time.  Less than 7 weeks (48 days total) after the restrictions were imposed, Plaintiff testified that the restrictions were lifted.  He has had no treatment for his back since November 2020.  Following his termination from Allison Crane, Plaintiff secured new employment with another company.  His current job requires that he perform manual labor.  Plaintiff has provided no evidence that he has sought, requested, or received a reasonable accommodation from his new employer on the basis of his prior back injury.

Plaintiff claims that Allison Crane did not take his condition seriously.  In fact, Plaintiff complains that Allison Crane did not consider his injury to be severe and, among other things, told him that he would not qualify for short-term disability.  Nevertheless, Allison Crane accommodated Plaintiff's request to be placed on light duty.  Plaintiff was able to continue working at the same pay rate and without missing even a day of work.  Plaintiff was terminated on November 18, 2020 after having received two write-ups that week for violations of company policy.  Plaintiff was told that he was being terminated because of his misconduct.

Now, Plaintiff is suing Allison Crane, alleging that he was somehow discriminated against based on his "disability" in violation of the Americans with Disabilities Act ("ADA")

(Count I) and the Pennsylvania Human Relations Act ("PHRA") (Count II) and was wrongfully

discharged in violation of Pennsylvania common law (Count III).

Plaintiff's disability claims fail for these reasons:

- With regard to his actual disability claim, Plaintiff cannot prove that he is in fact disabled.  Plaintiff has only offered his own testimony and four, one-sentence chiropractor notes to establish his "disability."  Neither is sufficient alone or together to substantiate that he in fact is disabled.  Assuming that Plaintiff has a back injury, it was a mild, temporary impairment.

- As for his "regarded as" disabled claim, Plaintiff testified that Allison Crane did not take his condition seriously.  Assuming that is true, Allison Crane could not have regarded Plaintiff as disabled.  In any event, Plaintiff's alleged back injury was transitory and minor and, therefore, cannot as a matter of law give rise to a regarded as disability claim.

- As for his record of impairment claim, stated simply, Plaintiff has no record of any impairment.  There is not a shred of evidence to substantiate even his claim of a bulged or herniated disk.  The evidence suggests only that Plaintiff suffered temporary pain requiring him to make some modifications for fewer than 50 days.

- As for his reasonable accommodation claim, Plaintiff is not entitled to a reasonable accommodation because he is not disabled.  Even if he was, it is undisputed that Allison Crane accommodated Plaintiff.

Plaintiff's wrongful discharge claim is equally flawed.  Plaintiff is required to prove that

he filed or expressed an intent to file a worker's compensation claim.  But, Plaintiff concedes

that he did not file and did not ask anyone to file a worker's compensation claim on his behalf.

In fact, he did not even discuss filing a worker's compensation claim with anyone – not the team

members on his shift, his foreman, or any supervisor.

For these reasons, Allison Crane requests that the Court grant summary judgment in its

favor as to Counts I through III and dismiss the complaint with prejudice.

## **RELEVANT FACTS**

At the time of his alleged injury, Plaintiff was a 28-year-old, able-bodied male who

earned his living performing manual labor.  Statement of Undisputed Material Facts ("SOF"), ¶

1.  Following high school graduation, Plaintiff had worked at a variety of jobs in or around Williamsport, often departing after mere months of having started work.  SOF, ¶ 4-12.  He was a farm-hand and then worked on a production line, as a paper-machine operator, on a fracking crew and drilling rig, among others.  *Id.*  Indeed, between 2013 and 2018 Plaintiff switched jobs seven times.  *Id.*  Plaintiff worked for Allison Crane for six months in early 2018.  SOF, ¶ 10.  He returned to Allison Crane in February 2019 to again work on the millwright crew.  SOF, ¶ 12.

On or around September 29, 2020, Plaintiff claims that he was injured while cleaning out a manufacturing facility.  SOF, ¶ 16.  He was able to work for the remainder of the week, though he complained of back pain.  SOF, ¶ 19-22.  Plaintiff went to see a chiropractor on October 2, 2020.  SOF, ¶ 23.  Prior to the alleged injury, Plaintiff had not ever been treated by a chiropractor or any other doctor for a back injury or pain.  *Id.*  Plaintiff claims that he was diagnosed with a bulged or herniated disc, although there is no evidence to support that contention.  SOF, ¶ 24-25.  Indeed, Plaintiff never sought treatment from a medical doctor, osteopath, physiatrist, or other spinal or back specialist.  SOF, ¶ 26.  Nor did he ever have an x-ray, CT scan, MRI, or nerve tests to confirm any particular diagnosis.  SOF, ¶ 27.  Plaintiff has not offered evidence that he was ever prescribed pain medications, muscle relaxers, neuropathic drugs, or any other medicine – much less that he received any cortisone injections or required surgery.  SOF, ¶ 28.  The only "treatment" that Plaintiff received were several visits to a chiropractor between October and November 2020 during which the chiropractor showed him positions and exercises to help improve his pain.  SOF, ¶ 29.

Plaintiff alleges that it was the chiropractor who identified the alleged bulged or herniated disc.  SOF, ¶ 24.  Putting aside the question whether a chiropractor can diagnose a condition,

Plaintiff's chiropractor never reduced any such diagnosis to writing.  SOF, ¶ 25.  The only record evidence that exists regarding Plaintiff's chiropractor's opinions are a series of notes:

- On October 7, 2020, the chiropractor wrote:  "Please excuse Andrew Morgan from work on Thursday, October 1st and Monday, October 5th.]  [H]e was treated at our office and was put on light duty.  I will re-evaluate for return of work on his next appointment which is Thursday, October 8th."  SOF, ¶ 30.

- On October 8, 2020, the chiropractor wrote:  "Please excuse Andrew Morgan from doing any bending or lifting anything at work over 15 pounds for the next 2 weeks."  SOF, ¶ 31.

- On October 22, 2020, the chiropractor wrote:  "Please excuse Andrew Morgan from doing any bending or lifting anything at work over 15 pounds for the next 2 weeks."  SOF, ¶ 32.

- On November 5, 2020, the chiropractor wrote:  "Please excuse Andrew Morgan from doing any bending or lifting anything at work over 30 pounds for the next 30 days."  SOF, ¶ 33.

Plaintiff provided these notes to his supervisor.  SOF, ¶ 34.

On or about October 7, 2020, Plaintiff met with his supervisor Brian Bonislawski and safety coordinator Thomas Ungard.  SOF, ¶ 35.  Plaintiff told them that he was injured, that he was in pain, and that he had gone to seek medical care.  SOF, ¶ 37.  According to Plaintiff, Mssrs. Bonislawski and Ungard told him that they did "not feel it was a severe injury" and that with "light duty restrictions, [he] could work."  SOF, ¶ 39.  Plaintiff also alleges that he was told he could not file for unemployment and that his minor injury did not qualify as a short-term disability.  SOF, ¶ 40.  Thereafter, Plaintiff was placed on light duty.  SOF, ¶ 42.  He continued to work full-time, earning the same wages.  SOF, ¶ 43-44.  In fact, Plaintiff did not miss any work as a result of the alleged incident.  SOF, ¶ 43.

Shortly after he was injured, Plaintiff testified that he researched the relief available under the Worker's Compensation law – he knew his rights as well as the process to file and timing associated with same.  SOF, ¶ 51.  Plaintiff did not ask anyone to file a worker's

compensation claim for him during the October 7 meeting or at any other time.  SOF, ¶ 52.  In fact, Plaintiff did not ever have any discussion with anyone about filing a workers' compensation claim.  SOF, ¶ 53.

Plaintiff was disciplined on November 13, 2020 because he was not wearing the appropriate protective equipment.  SOF, ¶ 45.  On November 17, 2020, Plaintiff refused to report to work to complete the job assigned to him.  SOF, ¶ 46.  Plaintiff was terminated the next day – on November 18, 2020 – for the aforementioned infractions.  SOF, ¶ 48-50.  Indeed, Plaintiff concedes that he was told that he was being terminated because he "failed to show up for a job."  SOF, ¶ 49.

The week after his termination, on November 25, 2020, Plaintiff reports that any modification to his activities were lifted – 48 days after they were first imposed.  SOF, ¶ 56.  Plaintiff has not sought or received any medical treatment (including taking any pain medication) for his back since November 25, 2020.  SOF, ¶ 57.  Plaintiff believes that he has fully recovered from his injury.  SOF, ¶ 58-60.  After hearing his counsel's objection, he then added "in a way I do, but in a way I don't.  … at this point in time with the current work situation and the living situation I am doing, it is not hurting me.  But I could very easily walk out my door and slip on the ice and my injury's back.  So, I would not say I am 100 percent cured of that injury and I don't know if I ever will be, but at this point in time I am."  *Id.*

Plaintiff is currently performing maintenance and labor for the Jersey Shore Borough – "grass cutting, snow removal, sidewalk work, whatever job may come up that is related to the Borough of Jersey Shore."  SOF, ¶ 61.  In other words, Plaintiff returned to performing the same manual labor that he had performed prior to suffering the alleged injury.  SOF, ¶ 4-12.  There is

no evidence that he has requested or received any accommodation for any condition, including his temporary back injury.

## LEGAL STANDARD

### A.    Legal Standard for Grant of Summary Judgment.

To prevail on a motion for summary judgment, the moving party must establish "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  A factual dispute is "genuine" if the "'evidence is such that a reasonable jury could return a verdict for the nonmoving party.'"  *Razak v. Uber Techs., Inc.,* 951 F.3d 137, 144 (3d Cir. 2020) (quoting *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986)). "A factual dispute is 'material' if it 'might affect the outcome of the suit under the governing law.'" *Id.* (quoting *Anderson*, 477 U.S. at 248).

To defeat a motion for summary judgment, the non-moving party must "do more than simply show that there is some metaphysical doubt as to material facts."  *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).  Indeed, the party opposing summary judgment must "present more than just 'bare assertions, conclusory allegations or suspicions' to show the existence of a genuine issue."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)). Rather, the non-moving party "must present *affirmative evidence* in order to defeat a properly supported motion for summary judgment."  *Williams v. Borough of W. Chester*, 891 F.2d 458, 460 (3d Cir. 1989).  A mere scintilla of evidence will not suffice.  *Id.*  Nor will simply reasserting factually unsupported allegations. *Id.*  "If the evidence is merely colorable or is not significantly probative, summary judgment may be granted."  *Anderson*, 477 U.S. at 249-50.

## ARGUMENT

Plaintiff is pursuing claims for disability discrimination and wrongful discharge.  Neither claim is viable.

A.      **Allison Crane Should be Granted Summary Judgment on Plaintiff's Disability Claims Set Forth in Counts I and II.**

Plaintiff is pursuing discrimination and failure to accommodate claims under the ADA and PHRA.  When considering such claims under the ADA and PHRA the analysis is identical – the Court applies the three-part burden-shifting framework set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973).  *See Law v. Garden State Tanning*, 159 F. Supp. 2d 787, 791 n.2 (E.D. Pa. 2001).

Before any burden-shifting can occur, however, the Plaintiff must first make out a *prima facie* case.  Specifically he must establish that: "'(1) he is a disabled person within the meaning of the [ADA]; (2) he is otherwise qualified to perform the essential functions of the job with or without reasonable accommodations by the employer; and (3) he has suffered an otherwise adverse employment decision as a result of discrimination.'"  *Thimons v. PNC Bank*, 254 Fed. App'x 896, 897 (3d Cir. 2007) (quoting *Gaul v. Lucent Tech., Inc.*, 134 F.3d 576, 580 (3d Cir. 1998)); *Taylor v. Phoenixville Sch. Dist.*, 184 F.3d 296, 306 (3d Cir. 1999) (noting that analysis of ADA claim applies to PHRA claim).  For the reasons discussed herein, Plaintiff cannot establish the first prong of his *prima facie* case – that he was disabled – and, therefore, he was not subject to discrimination.  Under these circumstances, the Court can dispose of the case "without the heavy lifting that is required if a *prima facie* case is made out."  *Dorsey v. Pittsburgh Assocs.*, 90 Fed. App'x 636, 639 (3d Cir. 2004).

1.      *Plaintiff was not actually disabled.*

a.      <u>Plaintiff has not proffered evidence to establish that he was disabled.</u>

To prove that he was disabled, Plaintiff offers only his own self-serving testimony and four, single-sentence letters from his chiropractor.  Neither can establish that he was disabled.

With regard to Plaintiff's testimony, Plaintiff reports that he is disabled because he purportedly has a bulged or herniated disk.  However, Plaintiff has not proffered evidence to establish that he actually has a bulged or herniated disk.  SOF, ¶ 25.  The *only* evidence in the record that Plaintiff has a "bulged disk or a herniated disk in [his] lower back" is his own testimony.  *Id.*  Indeed, none of the notes from Plaintiff's chiropractor mention, much less indicate, that he has a bulged or herniated disk.  SOF, ¶ 30-33.  Nor has he offered any evidence (e.g., imaging or other tests) to validate such a diagnosis.  SOF, ¶ 27.  Furthermore, Plaintiff did not see any medical doctor to substantiate his allegation regarding his back condition – not a primary care physician, osteopath, physiatrist, or other orthopaedic spine specialist.  SOF, ¶ 26. This Court has already concluded that a former employee's testimony regarding a purported medical diagnosis is not sufficient to substantiate a disability claim on an actually-disabled theory at summary judgment.  *Rice-Smith v. Misericordia Convalescent Home*, No. 20-1473, 2022 WL 2231822, at *10 (M.D. Pa. June 21, 2022) (Conner, J.).  *See also Parrotta v. PECO Energy Co.*, 363 F. Supp. 3d 577 (E.D. Pa. 2019) ("self-diagnosing testimony alone fails to clear even the low hurdle for establishing a disability"); *Neely v. Benchmark Family Services*, No. 15-3550, 2016 U.S. App. LEXIS 1391 (6th Cir. 2016) (holding that the plaintiff's "self-described symptoms to his physicians, without corroborating medical evidence or any diagnosis are insufficient to establish a substantial limitation on a major life activity").

As to the four, single sentence chiropractor notes, they do not prove that Plaintiff was disabled either.  SOF, ¶ 30-33.  Indeed, they only identify minor lifting and bending modifications to Plaintiff's normal activities for a finite duration of less than a month.  *Id.*  A recent decision from the Eleventh Circuit confirmed that a chiropractor's note with certain

8

restrictions cannot substantiate a disability.  *See Holton v. First Coast Service Options*, No. No. 16-15289, 2017 U.S. App. LEXIS 14880 (11th Cir. 2017) (affirming summary judgment).

        b.    <u>The sparse evidence the Plaintiff submits confirms that he is not actually disabled as a matter of law.</u>

In the wake of the ADA Amendments Act of 2008 ("ADAAA"), it is now easier for a plaintiff to prove that he has a "disability" within the meaning of the ADA.[1]  However, the EEOC regulations caution that "not every impairment will constitute a disability within the meaning of this section."  29 C.F.R. § 1630.2(j)(1)(ii).  Rather, "[a]n impairment is a disability within the meaning of this section if it substantially limits the ability of an individual to perform a major life activity as compared to most people in the general population."  *Id.*  Major life activities may include lifting and bending, among other things.  42 U.S.C. § 12102(2).

Though the standard to establish a disability is relaxed, it is still a barrier that prohibits disability claims for minor, temporary impairments from which the former employee is admittedly fully recovered.  The EEOC regulatory guidance explains:  "[t]he duration of an impairment is one factor that is relevant in determining whether the impairment substantially limits a major life activity.  **Impairments that last only for a short period of time are typically not covered**…."  29 C.F.R. pt. 1630, App.

Accordingly, this Court has concluded that a plaintiff failed to raise a genuine issue of fact as to whether he was disabled, when he failed to show that his injury, which involved several months of limitation, had "long-term or permanent effect."  *Kocher v. Municpality of*

---

1 The Pennsylvania legislature has not enacted similar amendments to the PHRA and, therefore, to the extent that the ADAAA changed the standards for determining the existence of a disability, those changes do not apply to the PHRA.  *See Rinehimer v. Cemcolift*, 292 F.3d 375, 380 (3d Cir. 2002) (applying pre-ADAAA standards; "temporary, non-chronic impairment[s] of short duration" are not covered).

*Kingston*, 400 F. Supp. 3d 138 (M.D. Pa. 2019) (Mannion, J.).  Other courts in this Circuit have

likewise held that "a temporary non-chronic impairment of short duration is not a disability

covered under the ADA."  *Kyrlyo v. Parkhouse Nursing and Rehab Ctr., LP*, No. 17-4, 2017 WL

1208065, at *4 (E.D. Pa. Apr. 3, 2017) (quoting *McFarlan v. Ivy Hill SNF, LLC*, 675 F.3d 266,

274 (3d Cir. 2012)).  *See also Bush v. Donahoe*, 964 F. Supp. 2d 401, 418 (W.D. Pa. 2013)

(granting summary judgment in favor of the employer because the sprained ankle was not

chronic, required the use of a boot for less than four months, and no evidence was presented of

any other treatment); *Sampson v. Methacton Sch. Dist.*, 88 F. Supp. 3d 422, 436 (E.D. Pa. 2015)

(granting summary judgment on the question of whether the plaintiff was disabled where her

limitations from a torn meniscus were finite in duration and without long-term effect); *Parrotta*,

363 F. Supp. 3d at 592 (granting summary judgment; "[m]oderate difficulties in walking or

climbing stairs do not bring an individual within the class of persons protected by the ADA"

where the plaintiff could perform the same functions after the injury as before); *Brearey v.*

*Brennan*, No. 17-2108, 2019 WL 111037 (E.D. Pa. Jan. 3, 2019) (granting summary judgment;

plaintiff's broken ankle caused only "several months of limitations, without long-term or

permanent effect" and that despite plaintiff's testimony that he had continued pain, this was not

sufficient to establish that plaintiff had a disability).

In fact, the Eastern District of Pennsylvania addressed the very issue before this Court –

whether generalized back pain constitutes a disability.  In *Poper v. SCA Americas, Inc.*, No. 10-

3201, 2012 WL 3288111, at *8 (E.D. Pa. Aug. 13, 2012), the court began by recognizing that a

"temporary non-chronic impairment of short duration is not a disability."  *Id.*, at *8.  It then

assessed whether the plaintiff's back pain following a car accident constituted a disability.

Plaintiff presented 550 pages of medical records including an emergency room visit which

described the plaintiff's report of "general back pain." *Id.*  He also testified to experiencing limitations in brushing his teeth, bending, and lifting more than 30 pounds.  *Id.*  The court concluded that the "proffered evidence would not allow a reasonable jury to conclude that [the plaintiff's] limitations were anything more than temporary impairments."  *Id.* at *9.

Here, Plaintiff alleges that he was prohibited from lifting in excess of 15 and then 30 pounds and bending for a limited period of time based on the one-sentence letters from his chiropractor.  SOF, ¶ 30-33.  Plaintiff was able to continue working notwithstanding his alleged back injury.  SOF, ¶ 43.  And, Plaintiff claims that he was relieved of even these minor restrictions on November 25, 2020 – 48 days after they were imposed.  SOF, ¶ 56.  He has not been back to the chiropractor since November 2020 and he has not otherwise secured medical treatment or taken any pain medication for his back.  SOF, ¶ 57.  In fact, he sought and secured work performing the same manual labor that he had done prior to the alleged injury.  SOF, ¶ 61.  Plaintiff also testified that "at this point in time I am [100 percent cured of that injury]," though he claims that he could "very easily walk out [the] door and slip on the ice" and again injure his back.  SOF, ¶ 58-60."  It is well-settled by the EEOC's own regulations, as well as *Kocher*, *Kyrlyo*, and scores of other cases, that such short term-injuries with limited impairment to major life activities (including back injuries that restrict bending and lifting, *see Poper*) do not constitute an actual "disability" under the ADA.

## 2.  *Plaintiff was not "regarded as" disabled.*

Plaintiff asserts in the alternative that he was not actually disabled, but that he can nevertheless recover because he was supposedly "regarded as" disabled by Allison Crane.  A plaintiff states a "regarded as" claim if he "establishes that he or she has been subjected to an action prohibited under [the ADA] because of an actual or perceived physical or mental impairment whether or not the impairment limits or is perceived to limit a major life activity."

42 U.S.C.A. § 12102(3)(A).  "To demonstrate that an employer regarded an employee as having a qualifying disability, the plaintiff must demonstrate that the employer believed that a wholly unimpaired plaintiff had an impairment that substantially limited at least one major life activity or that the employer believed an employee's actual impairment to limit major life activities when it in fact did not."  *McFarlan v. Ivy Hill SNF, LLC*, 675 F.3d 266, 274 (3d Cir. 2012).  The focus is on the employer's "reactions [to] and perceptions [of] its employees."  *Gavurnik v. Home Props., LP*, 227 F. Supp. 3d 410 (E.D. Pa. 2017).  Plaintiff's "regarded as" claim fails for two reasons either of which would require the dismissal of Plaintiff's claim as a matter of law.

*First*, the evidence establishes only that Allison Crane **did not** regard Plaintiff as disabled.  Ironically, it is Plaintiff's own testimony that forecloses his claim.  Plaintiff testified that Allison Crane did not take his alleged injury seriously.  "[T]hey said they do not feel it was a severe injury, that it was not as severe as it was and that – with my light duty restrictions, I could work."  SOF, ¶ 39.  Elsewhere, Plaintiff alleges that his supervisor informed him that he was not eligible for short-term disability following his injury.  SOF, ¶ 40.  *See also* SOF, ¶ 41.  There is no evidence of record to the contrary.

*Second*, the ADA carves out "transitory and minor" impairments like the back injury at issue here from "regarded as" claims.  42 U.S.C. § 12102(3)(B).  *See, e.g., Kiniropoulos v. Northampton County Child Welfare Service*, 917 F. Supp. 2d 377, 386 (E.D. Pa. 2013) ("Notably, where a plaintiff is merely regarded as disabled rather than suffering from an actual disability, the perceived impairment must not be transitory and minor." (citing 42 U.S.C. § 12102(3)(B)).  Temporary lifting limitations and general back injuries have both been deemed "transitory and minor."  With regard to the former, the Third Circuit has concluded that "temporary lifting limitations, which were removed only four months after first imposed" are

transitory and minor impairments.  *Macfarlan*, 675 F.3d at 274.  As to the latter, the EEOC

considers a minor back injury that lasts less than six months to be a textbook example of an

impairment that is both minor and transitory.  *Cf. Interpretive Guidance on Title I of the*

*Americans with Disabilities Act*, 29 C.F.R. Pt. 1630, App. (2016).  *See also Quick v. City of Fort*

*Wayne*, No. 1:15-056, 2016 WL 5394457 (N.D. Ind. Sept. 27, 2016) (finding that a back injury

was "transitory and minor" where the plaintiff suffered acute pain but then recovered within a

month).  For the reasons discussed herein, Plaintiff's alleged back injury was transitory and

minor.

### 3.   Plaintiff did not have a record of impairment.

A plaintiff has a "record of impairment" if he "has a history of, or has been misclassified

as having, a mental or physical impairment that substantially limits one or more life activities."

29 C.F.R. § 1630.2(k).  For the reasons discussed herein, there is no record of any impairment:

Plaintiff has offered only self-serving testimony regarding an alleged diagnosis and four one-

sentence notes from a chiropractor prohibiting him from engaging in certain activities for finite

periods.  SOF, ¶ 24-25; 31-33.  This evidence is not sufficient to constitute a record of an

impairment that substantially limited a major life activity.  *See Neely*, 2016 U.S. App. LEXIS

1391 ("As [the plaintiff] did not show that he is disabled, his claim that he has a record of

impairment—without any additional evidentiary basis—is without merit.").  *See also Lloyd v.*

*Washington & Jefferson College*, 2008 U.S. App. LEXIS 12435 (3d Cir. 2008).

### 4.   Plaintiff was not entitled to a reasonable accommodation.

Plaintiff's failure to accommodate claim also fails for the following reasons.  *First*, a

plaintiff bringing a failure-to-accommodate claim must establish that he was disabled.  *Capps v.*

*Modelez Global, LLC*, 847 F.3d 144, 157 (3d Cir. 2017); *Rinehimer*, 292 F.3d at 381.  *See also*

42 U.S.C. § 12112(b)(5)(a) (emphasis added); 29 C.F.R. § 1630.9(a), (b), (e).  Since Plaintiff

was not disabled, Allison Crane had no obligation to provide a reasonable accommodation.

Although Allison Crane had no obligation to accommodate Plaintiff, it agreed to allow

him to perform only "light duty" tasks after he requested same.  "Q.  And you provided them

with restrictions from the chiropractor and they always accommodated those restrictions,

correct?  A.  Correct."  SOF, ¶ 42.  He was not required to miss work and his pay rate did not

change.  SOF, ¶ 43, 44.  As such, Allison Crane accommodated Plaintiff's work restrictions.

### B.    Allison Crane Should Be Granted Summary Judgment As to Plaintiff's Wrongful Discharge Claim (Count III).

In Pennsylvania, an employer may discharge an at-will employee for any reason or no

reason at all.  *Geary v. U.S. Steel Corp.*, 319 A.2d 174, 176 (Pa. 1974).  The Supreme Court of

Pennsylvania has recognized a narrow exception to the at-will employment doctrine, prohibiting

employers from terminating employees who seek worker's compensation benefits.  *Shick v.

Shirey*, 716 A.2d 1231, 1233 (Pa. 1998).  Federal courts in Pennsylvania have predicted that the

Pennsylvania Supreme Court would extend the protection to injured employees who have

expressed their intent to pursue worker's compensation claims.

This Court recently explained that "although courts interpreting *Schick* have allowed

plaintiffs to seek redress for workers' compensation retaliation without actually filing a workers'

compensation claim, those courts have nevertheless kept the focus on what the plaintiff did to

engage in protected activity."  *Bamat v. Glenn O. Hawbaker*, No. 18-1898, 2019 WL 3387660, at

*2 (M.D. Pa. July 26, 2019).  Thus, if a plaintiff alleges that he was fired for seeking workers'

compensation benefits but never actually filed a claim, "it is still the plaintiff who must (1) report

the work-related injury; and (2) express to his employer his intent to file a workers'

compensation claim."  *Id.  See also Larochelle v. Wilmac Corp.*, No. 17-3349, 2019 WL

1769077, at *5 (3d Cir. 2019) (affirming grant of summary judgment; mere fact that employer was aware of injury was not sufficient); *Worthington v. Chester and Marina, LLC*, No. 17-1360, 2018 WL 6737447, at *9 (E.D. Pa. Dec. 21, 2018) (granting summary judgment; plaintiff had adduced insufficient evidence that he expressed an intent to file a workers compensation claim before his employment was terminated).

Here, Plaintiff apparently spent time researching the worker's compensation law to understand the process and associated deadlines.  SOF, ¶ 51.  Plaintiff concedes, however, that he never filed a worker's compensation claim.  SOF, ¶ 52-53.  Furthermore, he never had any discussion with anyone about filing a worker's compensation claim on his behalf, much less asked them to do so.  *Id.*  Plaintiff's allegations regarding what Allison Crane believed or feared is not sufficient to survive.  *See, e.g., Bamat*, 2019 WL 3387660, at *2 ("[Plaintiff] adduces no authority where a plaintiff sustained a workers' compensation retaliation claim by relying on facts as to what his employer believed, rather than stating facts as to what the plaintiff expressed.").  Furthermore, Plaintiff admits that he does not think he was discharged because he could have pursued a worker's compensation claim.  SOF, ¶ 55.

## CONCLUSION

For these reasons, Allison Crane respectfully requests this Court grant summary judgment in its favor on Plaintiff's disabilities claim (Count I and II) as well as his common law wrongful discharge claim (Count III).

15

Respectfully submitted,

**BUCHANAN INGERSOLL & ROONEY, PC**

<u>s/ *Paul S. Mazeski*</u>
Paul S. Mazeski, Esq.
Union Trust Building
501 Grant Street, Suite 200
Pittsburgh, PA 15219
412-562-8800 (P)
412-562-1041 (F)
paul.mazeski@bipc.com
*Attorney for Defendant*

16

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and complete copy of the foregoing document was transmitted to the Court electronically for filing and for electronic service upon the parties of record this 17th day of October, 2022.

/s/ Paul Mazeski
Paul Mazeski